UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY HALL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:17-cv-03879 |
| | § | |
| EQUIFAX INFORMATION, | § | |
| SERVICES, LLC, ATLAS CREDIT | § | |
| CO., INC., AND STAR FURNITURE | § | |
| COMPANY, | § | JURY TRIAL DEMANDED |
| Defendants. | | |

**D<small>EFENDANT</small> S<small>TAR</small> F<small>URNITURE</small> C<small>OMPANY'S</small> O<small>RIGINAL</small> A<small>NSWER AND</small> D<small>EFENSES</small>**

Defendant Star Furniture answers plaintiff's Original Complaint, pursuant to F<small>ED</small>. C<small>IV</small>. P. 8, and states:

**I. R<small>ESPONSES TO</small> E<small>ACH</small> A<small>LLEGATION</small>**

1. As to Paragraph 1, Star Furniture admits that this court has jurisdiction over this case.

2. As to Paragraph 2, Star Furniture admits plaintiff brought this action under the Fair Credit Reporting Act, 15 U.S.C §1681, *et seq*. (FCRA), but denies it applied any policy or practice that violated the FCRA or any other law in its handling of plaintiff's credit file.

3. As to Paragraph 3, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

Page **1** of **12**

Defendant Star Furniture's Original
Answer and Affirmative Defenses

4. As to Paragraph 4, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

5. As to Paragraph 5, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

6. As to Paragraph 6, Star Furniture admits the allegations as they pertain to Star Furniture; Star Furniture is without knowledge or information, after reasonable investigation, sufficient to admit or deny the remaining allegations of Paragraph 6 and therefore must deny.

7. As to Paragraph 7, Star Furniture denies the allegations as they pertain to Star Furniture; Star Furniture is without knowledge or information, after reasonable investigation, sufficient to admit or deny the remaining allegations in Paragraph 7 and therefore must deny.

8. As to Paragraph 8, Star Furniture denies the allegations as they pertain to Star Furniture; Star Furniture is without knowledge or information, after reasonable investigation, sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore must deny.

9. As to Paragraph 9, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

10. As to Paragraph 10, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

11. As to Paragraph 11, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

12. As to Paragraph 12, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

13. As to Paragraph 13, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

14. As to Paragraph 14, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

15. As to Paragraph 15, Star Furniture denies the allegations as they pertain to Star Furniture; Star Furniture is without knowledge or information, after reasonable investigation, sufficient to admit or deny the remaining allegations in Paragraph 15 and therefore must deny.

16. As to Paragraph 16, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-15 above as if fully set forth herein.

17. As to Paragraph 17, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

18. As to Paragraph 18, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

19. As to Paragraph 19, Star Furniture denies the allegations to the extent they pertain to Star Furniture; Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore must deny.

20. As to Paragraph 20, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

21. As to Paragraph 21, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

22. As to Paragraph 22, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 22.

23. As to Paragraph 23, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-22 above as if fully set forth herein.

Defendant Star Furniture's Original
Answer and Affirmative Defenses

24. As to Paragraph 24, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

25. As to Paragraph 25, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

26. As to Paragraph 26, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

27. As to Paragraph 27, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 27.

28. As to Paragraph 28, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-27 above as if fully set forth herein.

29. As to Paragraph 29, Star Furniture denies the allegations.

30. As to Paragraph 30, Star Furniture denies the allegations.

31. As to Paragraph 31, Star Furniture denies the allegations.

32. As to Paragraph 32, Star Furniture denies the allegations.

33. As to Paragraph 33, Star Furniture denies the allegations.

Defendant Star Furniture's Original
Answer and Affirmative Defenses

34. As to Paragraph 34, Star Furniture denies the allegations; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 34.

35. As to Paragraph 35, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-34 above as if fully set forth herein.

36. As to Paragraph 36, Star Furniture denies the allegations.

37. As to Paragraph 37, Star Furniture denies the allegations.

38. As to Paragraph 38, Star Furniture denies the allegations.

39. As to Paragraph 39, Star Furniture denies the allegations; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 39.

40. As to Paragraph 40, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-39 above as if fully set forth herein.

41. As to Paragraph 41, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

42. As to Paragraph 42, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

43. As to Paragraph 43, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

Defendant Star Furniture's Original
Answer and Affirmative Defenses

44. As to Paragraph 44, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

45. As to Paragraph 45, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

46. As to Paragraph 46, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 46.

47. As to Paragraph 47, Star Furniture restates and incorporates its answers and defenses to Paragraphs 1-46 above as if fully set forth herein.

48. As to Paragraph 48, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

49. As to Paragraph 49, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

50. As to Paragraph 50, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

Defendant Star Furniture's Original
Answer and Affirmative Defenses

51. As to Paragraph 51, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

52. As to Paragraph 52, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny.

53. As to Paragraph 53, Star Furniture is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the allegations and therefore must deny; Star Furniture denies that plaintiff is entitled to recover judgement as prayed for in the final section of Paragraph 53.

54. As to JURY DEMAND, Star Furniture admits that plaintiff has demanded a trial by jury and likewise demands a jury trial in the instance proceedings.

55. Any allegations in plaintiff's complaint not heretofore specifically responded to by Star Furniture are hereby denied.

56. To the extent that any allegation implies defendants violated the FCRA, or that any duty owed to or now owing to plaintiffs has been violated, defendants deny those allegations.

## II. AFFIRMATIVE DEFENSES

57. Plaintiff cannot seek redress for these claims under the doctrine of unclean hands.

58. Plaintiff's claims are barred by the applicable statutes of limitation.

59. Plaintiff cannot establish that Star Furniture engaged in willful conduct within the meaning of FCRA and, therefore, cannot recover exemplary or liquidated damages.

60. Star Furniture's actions or omissions, if found to be in violation of the FCRA, were in good faith and based upon reasonable grounds for believing that the actions did not violate the FCRA.

61. Plaintiffs' claims are barred to the extent that plaintiff consented to the contract with Star Furniture.

62. Plaintiff assumed the risks for which it now complains.

63. Defendant asserts the *de minimus* rule.

64. Plaintiff waived the rights it seeks to enforce.

65. Plaintiff is estopped from asserting the rights it seeks to enforce.

66. Plaintiff is quasi-estopped from asserting the rights it seeks to enforce.

67. Plaintiff's claims are barred, in whole or in part, because it failed to mitigate damages, if any; therefore plaintiff's recovery, if any, should be barred or decreased by reason of its failure to mitigate alleged losses.

68. Plaintiff's claims are barred, in whole or in part, because its own acts and/or omissions contributed to any alleged injuries, if any.

69. Plaintiff's claims are barred, in whole or in part, because Star Furniture's actions were privileged or justified, good faith exercises of its own legal rights, or good faith claims to colorable legal rights.

70. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages, if any, were proximately caused by an intervening or superseding cause, including but not limited to the conduct of a party other than Star Furniture.

71. All defenses under FED. R. CIV. P. 8 are hereby preserved.

72. All defenses under FED. R. CIV. P. 12 are hereby preserved.

73. Star Furniture complied with the Fair Credit Reporting Act in its handling of plaintiff's file and is entitled to all defenses stated in the FCRA and its Texas analogue and any and all limitations of liability.

74. Star Furniture adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

75. Star Furniture reserves the right to assert additional defenses that it learns through the course of discovery or otherwise in these proceedings.

### III. COUNTERCLAIM FOR ATTORNEYS' FEES

76. Plaintiffs' attorneys have multiplied the proceedings in this litigation unreasonably and vexatiously within the meaning of 28 U.S.C. § 1927. Therefore, plaintiffs' attorneys should be personally liable for the excess costs, expenses, and attorneys' fees reasonably incurred because of the unreasonably and vexatiously multiplied proceedings under 28 U.S.C. § 1927.

## IV. Prayer

Star Furniture denies all statements and allegations set forth in plaintiff's Original Complaint's Prayer for relief and any subparagraphs. Further responding, Star Furniture denies any and all other allegations in plaintiff's Original Complaint not previously admitted, denied, or otherwise responded to in this Answer.

WHEREFORE, Star Furniture, having fully addressed the allegations in plaintiff's complaint, prays that the Court:

a. Dismiss plaintiff's Original Complaint in its entirety;

b. Deny the relief requested by the plaintiff in the Prayer for relief in plaintiffs' Original Complaint;

c. Award Star Furniture its costs and expenses of litigation, including reasonable attorney's fees; and

d. Grant Star Furniture such other and further relief as the Court deems just and proper.

Respectfully submitted,

Van Holten Law Firm, PLLC

By: **/s/Christopher S. Conry**
Christopher S. Conry
SDTX No. 1124889
Email: chris@vanholtenlaw.com
11525 S. Fry Rd., Suite 102A
Fulshear, TX 77441
Tel. (832) 404-6190
Fax. (832) 404-6192
**Attorney for Star Furniture**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served by electronic notice via CM/ECF to the following counsel in accordance with the Federal Rules of Civil Procedure, on the 20th day of February 2018:

Daniel Madden
Fox Rothschild LLP
Two Lincoln Center
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Ph: 972-991-0889
Fax: 972-404-0516
Email: dmadden@foxrothschild.com
*Counsel for defendant Atlas Credit Co., Inc.*

Dennis McCarty
McCarty Law Firm
PO Box 111070
Carrollton, Texas 75011
*Counsel for plaintiff Ricky Hall*

Kendall W. Carter
King & Spaulding LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Ph: 404-572-4700
Fax: 404-572-5100
*Counsel for defendant Equifax Information Services, LLC*

/s/ Christopher S. Conry
Christopher S. Conry